IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV349-02-MU

| | |
|---|---|
| WILLIE WORLEY, JR., )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>CITY OF CHARLOTTE; and )<br>MECKLENBURG COUNTY, )<br>)<br>    Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on Plaintiff's civil rights Complaint under 42 U.S.C. § 1983, filed August 12, 2009. For the reasons stated herein, the instant action will be <u>denied</u> and <u>dismissed</u>.

By his Complaint, Plaintiff alleges that his incarceration is a product of the unconstitutional policies and customs of Defendants in that the attorneys who were appointed by Defendants to represent him on certain felony charges rendered ineffective assistance to him. By way of relief, Plaintiff asks this Court to acknowledge the harm which he has suffered and continues to suffer "from the disinformation in [his] trial and other proceedings," and to grant him an injunction. However, the law is clear that Plaintiff's claim which, unmistakably, is grounded in <u>habeas</u> law, simply is not cognizable in this § 1983 action.

That is, although it is clear that "[t]he American criminal

justice system rightly sets the ascertainment of truth and the protection of innocence as its highest goals . . . , [o]ur system however does not allow any person to press a claim of innocence at any time, at any place, and in any manner." Harvey v. Horan, 285 F.3d 298, 299 (4th Cir. 2003) (denying reh'g. en banc).  In other words, while there is no doubt that the question of a person's guilt or innocence lies at the heart of the criminal justice system, there also is no question that "the proper process for raising violations of constitutional rights in criminal proceedings [such as an alleged violation of the Sixth Amendment right to effective assistance of counsel] cannot be abandoned." Harvey v. Horan, 278 F.3d 370, 375 (4th Cir. 2002) (relying upon Heck, infra, to reject a § 1983 claim of factual innocence which sought as relief permission to secure new DNA testing).

As both Horan decisions noted, in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a convicted defendant cannot bring a § 1983 action when such action would "necessarily imply the invalidity of his conviction or sentence" unless he first proves that his "conviction or sentence has already been invalidated."  Furthermore, as the first Horan panel noted, "while Heck dealt with a § 1983 claim for damages, the Court did not limit its holding to such claims."  278 F.3d at 375.  Therefore, the Horan Court found that there was "no reason why [Heck's] rationale would not apply in a situation where a

2

criminal defendant seeks injunctive relief that necessarily implies the invalidity of his conviction." Id.

Here, just like in Horan, Plaintiff is seeking to use § 1983 to invalidate final state convictions, "whose lawfulness ha[ve] in no way been impugned." Id. Thus, when applying the principles from Heck and Horan to Plaintiff's claim, the Court finds that this action must be dismissed for its failure to state a constitutional claim for relief.

**NOW, THEREFORE, IT IS ORDERED that** Plaintiff's Complaint is **DENIED and DISMISSED.** See 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: August 14, 2009

Graham C. Mullen
United States District Judge