IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV349-02-MU

| | |
|---|---|
| **WILLIE WORLEY, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **CITY OF CHARLOTTE; and** ) | |
| **MECKLENBURG COUNTY,** ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 4), filed August 19, 2009; and on his Motion to Appoint Counsel (Doc. No. 8), filed August 26, 2009).

The record of this matter reflects that on August 12, 2009, Plaintiff filed a civil rights Complaint under 42 U.S.C. § 1983 seemingly challenging the constitutionality of his criminal convictions as imposed by the State of North Carolina (Doc. No. 1). However, upon the Court's initial review of that matter, it was determined that Plaintiff had failed to state a constitutional claim for relief under § 1983 inasmuch as his allegations sounded in habeas corpus law. Accordingly, the Court dismissed that action. (Doc. No. 2).

Nevertheless, Plaintiff has filed the instant post-judgment Motions for Reconsideration and to Appoint Counsel, arguing that

he was not seeking habeas relief, but an injunction in order to "get the defendants to make improvements in their care and conditions concerning legal appointment for their indigent residents." Plaintiff contends that his "complaint is with policy and costoms [sic] of the City of Charlotte and Mecklenburg County."

Nevertheless, even if Plaintiff's Complaint, which focused almost exclusively upon his circumstances surrounding his criminal conviction, was not seeking monetary damages for that matter, he still is not entitled to reconsideration. Indeed, the allegations which he raises necessarily implicate the fairness of his trial. Furthermore, those allegations do not identify a custom or policy which properly can be redressed under § 1983. Therefore, Plaintiff's Motion for Reconsideration must be denied. Finally, inasmuch as Plaintiff does not have a case pending in this Court, there is no basis for the Court to exercise its discretion and seek the assistance of counsel for Plaintiff. Accordingly, that Motion (Doc. No. 8) will be dismissed.

**NOW, THEREFORE, IT IS ORDERED:**

1. That Plaintiff's Motion for Reconsideration (Doc. No. 4) is **DENIED;** and

2. That Plaintiff's Motion to Appoint Counsel (Doc. No. 8) is **DISMISSED.**

**SO ORDERED.**

Signed: April 12, 2010

Graham C. Mullen
United States District Judge